O’Neill, J.,
dissenting. I can not agree with the majority opinion for the reason that the preparation and establishment of the myriad of detailed specifications which must be provided for the purchase of materials and equipment for the operation of a municipality are clearly administrative matters.
The legislative body of city council is not so conceived or organized as to be prepared to deal with and properly establish these specification matters. Any effort to do this with regard to all or any substantial part of the purchases which a municipality makes would bog down a municipal council in such a vast morass of administrative detail that it would be completely hamstrung in the accomplishment of its important tasks *146 of establishing policy, delegating authoiity and providing tax revenues and appropriations necessary to govern a city.
Section 731.05, Revised Code, with which we are here concerned and which, in my opinion, makes this quite clear, reads as follows:
“The powers of the legislative authority of a city shall be legislative only, it shall perform no administrative duties, and it shall neither appoint nor confirm any officer or employee in the city government except those of its own body, unless otherwise provided in Title VII of the Revised Code. All contracts requiring the authority of the legislative authority for their execution shall be entered into and conducted to performance by the board or officers having charge of the matters to which they relate. After the authority to make such contracts has been given and the necessary appropriation made, the legislative authority shall take no further action thereon. (Emphasis supplied.)
The case of City of Akron v. Dobson (1909), 81 Ohio St., 66, 90 N. E., 123, supports this view, although the relator herein relies upon dicta in the Dobson case for support of his position.
The majority herein relies upon the case of State, ex rel. Leach, City Atty., v. Redick, Dir., Department of Public Service, 168 Ohio St., 543, 157 N. E. (2d), 106. However, in my opinion that case is distinguishable from the present one because that case involved the execution of a contract by an administrative official, whose signature was necessary to make valid the contract authorized by the city council. That is an entirely different matter from the city council’s usurping of the administrative duties of examining into, preparing and establishing detailed specifications for city purchases.
The fundamental question here is: What are the limits of the legislative and executive branches of government?
An examination of the specifications in the record of this case shows how absurd it is for the legislative body of a city to undertake to prepare and establish detailed specifications for the city’s purchases.
Three examples, taken from the ordinance as set forth in appellant’s brief, will suffice:
*147 “Equipment to be furnished by bidder:
One (1) auto horn.
One (1) speedometer.
Four (4) assorted pick head fire axes.
Two (2) 10 pound sledge hammers.
Two (2) wall picks.
Two (2) steel crowbars.
Two (2) shovels.
Two (2) four tine pitch forks.
One (1) tin roof cutter.
One (1) Detroit door opener.
“Hand ladders: All hand ladders to be constructed of straight grain Douglas fir well seasoned, free from all defects, with straight grain white oak, ash or hickory rungs, with proper bracing and iron cross rods. All ladders to be of the trussed ' beam construction type. Ladders are to be loaded in double bank style and of the following lengths:
One (1) 35 ft. extension ladder.
One (1) 16 ft. extension ladder.
One (1) 28 ft. straight ladder.
One (1) 25 ft. straight ladder.
One (1) 16 ft. straight ladder.
One (1) 16 ft. roof ladder.
One (1) 14 ft. roof ladder.
“All ladders to be finished in natural wood, varnished, painted white at top and black at bottom.
“Pike poles: as follows:
Two (2) 8 ft.
Two (2) 10 ft.
One (1) 14 ft.
One (1) 6 ft.”
This kind of work is administrative work, and it can. be done most properly, effectively and efficiently by an administrative official rather than a legislative body. It is seldom attempted by a legislative body, and, if it were so attempted for all municipal purchases or any substantial portion thereof, this work would preclude the transaction of any proper legislative business.